IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Syncere Rivera, ) | C/A No. 8:21-cv-02407-SAL |
| ) | |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| v. ) | |
| ) | |
| Warden of Broad River, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the August 20, 2021 Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin (the "Report"). [ECF No. 13.] In the Report, the Magistrate Judge recommends summary dismissal of the petition without requiring Respondent to file an answer or return. *Id.* Attached to the Report is the Notice of Right to File Objections. *Id.* at p.5. No party filed objections to the Report, and the time for response has lapsed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error. Accordingly, the Report, ECF No. 13, is accepted, adopted in its entirety, and is incorporated herein. Therefore, it is the judgment of this court that the petition is **DISMISSED** and without requiring Respondent to file an answer or a return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 Cases.[1]

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

September 10, 2021
Florence, South Carolina

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."